IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUZANNE L. KING,

    Plaintiff,

v.                                                          Civil Action No. 3:10cv41

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
FOR SAXON ASSET SECURITIES
TRUST 2007-1,

    Defendant.

## MEMORANDUM OPINION

Before the Court is Defendant Deutsche Bank National Trust Company's ("Deutsche") Motion for Judgment on the Pleadings (Docket No. 12), Motion to Strike Plaintiff's Expert Designation (Docket No. 18), and Motion for Protective Order (Docket No. 19). Plaintiff Suzanne L. King has responded to Deutsche's Motion for Judgment on the Pleadings (Docket No. 16) and Motion to Strike Plaintiff's Expert Designation (Docket No. 22). The Court has heard oral argument on all three motions, and these matters are ripe for disposition. For the reasons that follow, the Court GRANTS Deutsche's Motion for Judgment on the Pleadings (Docket No. 12), DISMISSES WITHOUT PREJUDICE King's complaint, and GRANTS King fourteen days to amend her complaint. Accordingly, the Court DENIES AS MOOT Deutsche's Motion to Strike Plaintiff's Expert Designation[1] and Motion for Protective Order.

---

[1] Although the Court denies this motion as moot, the Court notes that King's Identification of Expert Witness does not appear to comply with the requirements of Federal Rules of Civil Procedure 26(a)(2)(B) as required by the June 3, 2010 Scheduling and Pretrial Order. (Docket No. 11.)

# I. Background

A Rule 12(c) motion for judgment on the pleadings utilizes the same standard as a 12(b)(6) motion. *Moore v. Franklin Credit Mgmt. Corp.*, No. 3:09CV711, 2010 WL 1308048, at *1 (E.D. Va. Apr. 2, 2010). Thus, in considering King's complaint on Deutsche's Motion for Judgment on the Pleadings, the Court views the facts in the light most favorable to King but reserves its own judgment as to any legal conclusions or unwarranted inferences. *See Watkins v. Suntrust Mortg., Inc.*, No. 3:10CV98, 2010 WL 2812910, at *1 (E.D. Va. July 15, 2010); *Hudson v. Bank of Am., N.A.*, No. 3:09CV462, 2010 WL 2365588, at *1 (E.D. Va. June 11, 2010).

## A. Facts

On January 21, 2010, King filed a complaint in this Court seeking a declaratory judgment as to the rights of the parties under the federal Truth-in-Lending Act ("TILA").[2] (Compl. 6-7.) (Docket No. 1.) King alleges that on November 17, 2006 she entered into a credit transaction with Saxon Mortgage Inc. D/B/A Saxon Home Mortgage ("Saxon") to refinance her home mortgage. (Compl. ¶ 6.) The credit transaction was evidenced by a note and secured by a deed of trust, which was recorded as a lien on King's home and principal dwelling. (Compl. ¶ 7.)

The provisions of TILA applied to this credit transaction in which King was the debtor and Saxon was the creditor. (Compl. ¶¶ 6, 9.) Although Saxon provided King with certain disclosure documents pursuant to TILA, King alleges that Saxon violated TILA due to a material under-disclosure of a finance charge in excess of $35.00. (Compl. ¶¶ 10, 11.) This violation occurred when Saxon failed to list a portion of the $250.00 fee for a title examination as a finance charge, although the prevailing practice of the industry in the relevant local market for a comparable title examination charged a fee significantly less than $215.00. (Compl. ¶ 12.)

---

[2] 15 U.S.C. § 1601 *et seq.*

Saxon assigned the note evidencing this credit transaction to Deutsche. (Compl. ¶ 8.) When King fell into arrears on the note, Deutsche, through a substitute trustee, initiated foreclosure proceedings pursuant to the deed of trust. (Compl. ¶¶ 13-15.) On August 21, 2009, the substitute trustee notified King about the pending foreclosure sale of the home scheduled for September 10, 2009. (Compl. ¶ 16.) On September 9, 2009, King mailed Saxon and Deutsche a written notice of rescission. (Compl. ¶ 17.) Upon receipt of the notice of rescission, Deutsche cancelled the scheduled foreclosure sale of King's home. (Compl. ¶ 20.) Deutsche failed to act on the notice of rescission within twenty days of its receipt, but did send King a notice stating that the total current principal balance owed on the home was $73,795.83. (Compl. ¶ 21-22.) King avers that "she might be able to obtain funds to tender the remaining amount due by her to the creditor" or "as a last resort, she would sell the home." (Compl. ¶ 25.)

B. **Procedural Background**

In her complaint, King requests that the Court enter a declaratory judgment, finding that King validly rescinded the credit transaction, and enforce the rescission. (Compl. ¶ 27.) King asks for a judgment against Deutsche in the amount of $2,000 for statutory damages based on Deutsche's failure to rescind the credit transaction within twenty days of receiving the notice of rescission. (Compl. ¶ 29.) Finally, King requests that the Court determine the total amount owed to Deutsche after deducting any credits and statutory damages and provide a reasonable time to obtain financing or sell the home to make such tender. (Compl. 6-7.)

On March 11, 2010, Deutsche filed an Answer to King's complaint. (Docket No. 3.) On May 27, 2010, pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of a magistrate judge, and the Honorable James R. Spencer reassigned the case to the undersigned Magistrate Judge. (Docket No. 10.)

On August 11, 2010, Deutsche filed its Motion for Judgment on the Pleadings. (Docket No. 12.) Deutsche argues that the Court should dismiss King's complaint with prejudice for three reasons. First, Deutsche argues that King's complaint fails to sufficiently allege a TILA violation against a creditor. (Mem. Supp. Def. Mot. J. Pleadings ("Mem. Supp.") 5-9.) Second, even if the complaint sufficiently establishes a TILA violation, Deutsche argues that the complaint fails to state a claim against Deutsche, an assignee of the loan. (Mem. Supp. 9-11.) Finally, Deutsche contends that even if King's complaint sufficiently states a TILA violation, she fails to state a claim for rescission. (Mem. Supp. 11-12.)

On August 25, 2010, King responded to Deutsche's Motion for Judgment on the Pleadings. (Docket No. 16.) King argues that her complaint sufficiently establishes a TILA violation against Deutsche and adequately establishes her right to rescission. (Pl. Mem. Opp'n Mot. Dismiss ("Mem. Opp'n") 5-10.) In the alternative, King requests leave of Court to amend her complaint. (Mem. Opp'n 5, 8.) On August 27, 2010, Deutsche filed a reply brief (Docket No. 17), arguing that leave to amend should not be granted based on futility, King's delay, and prejudice to Deutsche (Reply Mem. Supp. Def. Mot. J. Pleadings ("Reply Mem.") 4-6).[3]

---

[3] Deutsche also filed a Motion to Strike Plaintiff's Expert Designation on that day. (Docket No. 18.) King responded to Deutsche's Motion to Strike Plaintiff's Expert Designation on September 10, 2010.

4

On September 14, 2010, the Court heard oral argument respecting Deutsche's Motion for Judgment on the Pleadings and Deutsche's Motion to Strike Plaintiff's Expert Designation.

## II. Discussion of Applicable Law

### A. Motion for Judgment on the Pleadings Standard of Review

"A motion for judgment on the pleadings under Rule 12(c) utilizes the same standard as a motion made pursuant to Rule 12(b)(6)." *Moore v. Franklin Credit Mgmt. Corp.*, 2010 WL 1308048, at *1; *see Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009); *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Thus, a motion for judgment on the pleadings "tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion for judgment on the pleadings, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (second alteration in original). In *Twombly*, the Supreme Court noted that the complaint need not assert "detailed

5

factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," rather than "conceivable." *Id.* at 570. "[A] complaint containing facts that are 'merely consistent with' a defendant's liability 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Moore v. Franklin Credit Mgmt. Corp.*, 2010 WL 1308048, at *2 (*quoting Twombly*, 550 U.S. at 557). "'[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief.'" *Id.* (*quoting Francis v. Giacomelli*, 588 F.3d 186 (4th Cir. 2009). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

B. **Leave to Amend**

"Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading 'shall be freely given when justice so requires.'" *Edwards*, 178 F.3d at 242 (*quoting* FED. R. CIV. P. 15(a)). Generally, a plaintiff should be afforded the opportunity to test his claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.–the leave sought should, as the

rules require, be 'freely given.'" *Id. (quoting* FED. R. CIV. P. 15(a)); *see Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). Further, delay alone cannot sustain the denial of a motion seeking leave to amend, so long as such delay is not accompanied by prejudice, bad faith, or futility. *Edwards*, 178 F.3d at 242; *see Smith v. Angelone*, 111 F.3d 1126, 1133-34 (4th Cir. 1997).

### III. Analysis

#### A. Statutory Requirements of TILA

Congress enacted TILA to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). TILA affords consumers a right to rescind certain consumer credit transactions "in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended." 15 U.S.C. § 1635(a).

Eligible consumers may exercise the right to rescind "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms . . . together with a statement containing the material disclosures required under this subchapter." 15 U.S.C. § 1635(a). However, a consumer may exercise his or her right to rescind up to three years after the transaction occurs if the creditor has failed to provide the consumer with all material disclosures and notice of the right to rescind. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23. To exercise rescission rights after foreclosure proceedings have been initiated,

the amount of the undisclosed finance charge must exceed thirty-five dollars. 15 U.S.C. § 1635(i)(2). TILA defines "material disclosures" as:

> the disclosure . . . of the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and the disclosures required by section 1639(a) of this title.

15 U.S.C. § 1602(u). TILA specifically excludes "fees or premiums for title examination, title insurance, or similar purposes" from the definition of "finance charges." 15 U.S.C. § 1605(e). However, promulgated regulations make clear that this exclusion applies only to fees that are "bona fide and reasonable in amount." 12 C.F.R. § 226.4(c)(7)(i).

TILA also provides consumers with rights against assignees. "[A]ny civil action for a [TILA] violation . . . which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary." 15 U.S.C. § 1641(a). Thus, to maintain a claim against an assignee, the debtor must allege a TILA violation that was apparent on the face of the disclosure statement. *Irby-Greene v. M.O.R., Inc.*, 79 F. Supp. 2d 630, 632 (E.D. Va. 2000). A consumer may also exercise any right to rescission against an assignee. 15 U.S.C. § 1641(c); *see Hudson*, 2010 WL 2365588, at *3 (*citing* 15 U.S.C. § 1641(c)).

Even when a consumer exercises his or her right to rescind a transaction, the United States Court of Appeals for the Fourth Circuit has rejected the notion that a consumer has a unilateral right to rescind and automatically void the loan contract. *Am. Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007). "'The natural reading of [TILA] is that the security

interest becomes void when the obligor exercises a right to rescind that is available in the particular case, either because the creditor acknowledges that the right of rescission is available, or because the appropriate decision maker has so determined . . . . Until such decision is made, the [borrowers] have only advanced a claim seeking rescission.'" *Id.* (*quoting Large v. Conseco Fin. Servicing Corp.*, 292 F.3d 49, 54-55 (1st Cir. 2002)) (second and third alteration in original). Thus, if a debtor seeks rescission of a credit transaction, TILA requires him or her to tender the total remaining loan proceeds to the creditor. *Stuart v. LaSalle Bank Nat'l Ass'n*, No. 3:09CV459, 2010 WL 582162, at *3 (E.D. Va. Feb. 11, 2010) (*citing* 15 U.S.C. § 1635(b)). Parties seeking dismissal of a rescission claim via a 12(b)(6) motion to dismiss must do more than raise doubt as to the factual ability of a plaintiff to tender. *Moore v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 612, 616-17 (E.D. Va. 2009).

### B. King's Complaint Fails to Allege a TILA Violation Sufficiently

In its Motion for Judgment on the Pleadings, Deutsche first argues that King's complaint fails to sufficiently allege a TILA violation. (Mem. Supp. 5-9.) Deutsche contends that King's TILA claim is "based on a single conclusory allegation that the amount she was charged for a title examination exceeded the reasonable charge for a title examination by more than $35." (Mem. Supp. 7.) Relying on *Hudson*, 2010 WL 2365588, and *Moore v. Franklin Credit Mgmt. Corp.*, 2010 WL 1308048, Deutsche argues that King's complaint should be dismissed for failure to allege facts sufficient to show plausibly that the title examination fee was not reasonable and bona fide. (Mem. Supp. 8-9.)

King contends that she has sufficiently pled a TILA violation because she "averred that the fee [charged for the title examination] was unreasonably high by much more than the $35 tolerance." (Mem. Opp'n 9.) Citing *Rodriguez v. GMAC Mortgage Corp.*, No. 3:07CV665 (E.D. Va. Oct. 10, 2008), King further argues that she has provided notice of an expert witness, whom she expects will testify "that the going local rate was approximately $100, approximately $150 less than the $250 charge imposed on her by Saxon Mortgage in this loan." (Mem. Opp'n. 7-8.)

To allege sufficiently a TILA violation against a creditor which would give rise to a right to rescind, King must allege a material non-disclosure of a finance charge that exceeds thirty-five dollars. 15 U.S.C. § 1635(i)(2). Because King bases her non-disclosure argument on a title examination fee that was charged, she must also allege facts sufficient to make plausible the belief that the title examination fee was not reasonable or bona fide. 15 U.S.C. § 1605(e); 12 C.F.R. § 226.4(c)(7)(I). "Although there is a scarcity of cases construing this particular provision, courts construing § 226.4[(]c)(7) have typically given the terms their 'plain meaning' and looked to whether the services billed were 'rendered in good faith,' whether the fees 'indirectly augment[ed] the creditor's yield', or were comparable to 'the prevailing practices of the industry in the locality.'" *Hudson*, 2010 WL 2365588, at *3 (*quoting Capparelli v. AmeriFirst Home Imp.*, 535 F. Supp. 2d 554, 562-63 (E.D.N.C. 2008)) (second alteration in original); *Grigsby v. Thorp Consumer Disc. Co. (In re Grigsby)*, 119 B.R. 479, 488 (Bankr. E.D. Pa. 1990), *vacated on other grounds*, 127 B.R. 759 (E.D. Pa. 1991)).

King's complaint states that she was charged $250 for a title examination while the "prevailing practice of the industry in the relevant (local) market for charges for title examination fees for a residential loan comparable to thus [sic] credit transaction was significantly less than $215." (Compl. ¶ 12.) King further avers that the fee charged for the title examination was "unreasonably inflated" and "unreasonable." (Compl. ¶ 12.) As established by *Hudson*, these averments insufficiently establish a plausible claim under TILA. *See Hudson*, 2010 WL 2365588, at *5.

In *Hudson*, the plaintiff attempted to allege a TILA violation based on a title insurance fee charged that was over $300 more than the prevailing local market rate. *Id.* at *1. Based on these allegations, the Court held the plaintiff had failed to plead sufficient facts to support his claim:

> [Plaintiff] does not dispute that the title insurance was provided in return for the $819 fee, he merely claims that in the local market title insurance for a comparable transaction could be obtained for less than $500. Even if the Court assumes the veracity of these allegations, these averments merely establish that Hudson paid more for title insurance than another borrower might have . . . [and] merely shows the possibility of wrongdoing but does not nudge the claim from possible to plausible.

*Id.* at *5. This Court cannot distinguish King's complaint from the *Hudson* complaint and must dismiss it for failure to adequately and sufficiently state a claim.

Moreover, the Court is not persuaded otherwise by King's arguments. King's allegations that the title examination fee was "unreasonably inflated" and "unreasonable" are mere legal conclusions and "'stops short of the line between possibility and plausibility of entitlement to relief.'" *Moore v. Franklin Credit Mgmt. Corp.*, 2010 WL 1308048, at *2 (*quoting Twombly*, 550 U.S. at 557). Further, King's reliance on *Rodriguez v. GMAC Mortgage Corp.*, No. 3:07CV665 (E.D. Va. Oct. 10, 2008), cannot prevail. In a summary order, the *Rodriguez* Court treated the defendant's motion as a motion for summary judgment and provisionally denied the defendant's

motion for summary judgment due to the existence of genuine issues of material fact based on the plaintiffs' expected expert witness.[4] *Id.* A motion for judgment on the pleadings tests the sufficiency of a complaint, and the Court will not consider materials outside of the complaint, such as King's Identification of Expert Witness. (Docket No. 15.) *See Martin*, 980 F.2d at 952; *Davis v. George Mason Univ.*, 395 F. Supp. 2d 331, 335 (E.D. Va. 2005).

Thus, the Court finds King's allegations regarding the unreasonableness of the title examination fee to be "naked assertion[s]" of wrongdoing "without some further factual enhancement" within the complaint to cross the "line between possibility and plausibility of entitle[ment] to relief." *Twombly*, 550 U.S. at 557 (second alternation in original) (internal quotations omitted). Although Deutsche's Motion for Judgment on the Pleadings addresses two other grounds for dismissal, the Court need not reach those arguments because the first ground provides an appropriate avenue for dismissal.[5]

---

[4] At the September 14, 2010 hearing on the motions, the parties admitted that *Hudson* and *Rodriguez* appeared to be in conflict with each other. The Court finds *Rodriguez* distinguishable from *Hudson* based on the procedural posture those cases ultimately addressed.

[5] The Court notes, however, that King should review Deutsche's alternative arguments when amending her complaint, which the Court will permit her to do as discussed in the following section. For instance, Deutsche contends that King's complaint fails to state a claim against Deutsche as an assignee of the loan because she fails to allege facts sufficient to show a TILA violation apparent on the face of the disclosure statement. (Mem. Supp. 9-11.) Cases have carefully evaluated TILA's requirements about whether a violation is factually apparent on a disclosure statement, and have found some disclosures not to be facially obvious. *See* 15 U.S.C. § 1641(a); *Irby-Greene*, 79 F. Supp. 2d at 632. Moreover, other cases have reviewed a claim for rescission based on a failure to adequately allege a plausible ability to tender. *See Cheche v. Wittstat Title & Escrow Co.*, No. 2:09CV577, 2010 WL 2802396, at *7 (E.D. Va. July 6, 2010).

### C. The Court Grants King Leave to Amend her Complaint

King requests the Court to grant her leave to amend her complaint if the Court grants dismissal. (Mem. Opp'n 8.) Deutsche, in its response, argues that the complaint should be dismissed with prejudice, claiming that granting leave to amend would be futile and prejudicial to Deutsche. (Reply Mem. 4-6.) Deutsche notes that the discovery deadline in this case is September 18, 2010 and the trial is scheduled for November 3, 2010. (Reply Mem. 5-6.) Further, Deutsche contends that the Court should deny King's request due to her delay in seeking amendment, noting that *Hudson* was decided on June 11, 2010. (Reply Mem. 5.)

Federal Rule of Civil Procedure 15(a) directs: "[L]eave to amend a pleading 'shall be freely given when justice so requires.'" *Edwards*, 178 F.3d at 242 (*quoting* FED. R. CIV. P. 15(a)). "The law is well settled 'that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards*, 178 F.3d at 242 (*quoting Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). In this case, the Court cannot determine that granting leave to amend will be futile, and there is no evidence of bad faith. Further, any possible prejudice to Deutsche due to the upcoming pretrial deadlines can be easily ameliorated by rescheduling the deadlines. No amendment has yet occurred. Thus, in the interests of justice, the Court grants King leave to amend her complaint. Any amended complaint must be filed within fourteen days of this order.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Deutsche's Motion for Judgment on the Pleadings (Docket No. 12) and DISMISSES WITHOUT PREJUDICE King's complaint. The trial currently scheduled for November 3, 2010 will be continued generally. The Court GRANTS King fourteen days from the date of this order to file an amended complaint. Accordingly, the Court DENIES AS MOOT Deutsche's Motion to Strike Plaintiff's Expert Designation (Docket No. 18) and Motion for Protective Order (Docket No. 19).

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 9/21/10

14